THE NEWBERN GAS LIGHT COMPANY v. LEWIS MERCER CON-
STRUCTION COMPANY and THE NEWBERN
SEWERAGE COMPANY.

*Attachment—Tort.*

Where a sewerage construction company, in laying its pipes in a street, punctured and injured the pipes of a gas company embedded in the streets, causing loss to the gas company by the escape of its gas, such an injury to property was done as entitled the gas company to an attachment under section 347 of *The Code,* that section having been amended by chapter 77, Acts of 1893, so as to extend the right of attachment to all cases, whether the injury is to real or personal property.

. This was an action brought to the February Term, 1893, of CRAVEN Superior Court, in which plaintiff obtained a writ of attachment against the property of the defendant construction company, under section 347 of *The Code*, for injury to plaintiff's pipes, which were laid in the streets of the city of Newbern, and for injury to and destruction of the gas of plaintiff, which escaped through the pipes so broken and injured.

The Clerk of the Superior Court vacated the attachment, but on appeal by plaintiff, his Honor Bryan, J., reversed the Clerk's order, and defendant appealed.

The defendant contended that the pipes being firmly embedded in the streets constituted realty, and that attachment would not lie under section 347, and that although the gas, admitted to be personal property, escaped by the injury to the pipes, and consequential loss accrued to plaintiff, for which an action would lie, no injury was done to the gas itself, for which the ancillary remedy of attachment could be obtained. Mr. Guion, for the defendant, illustrated his contention as follows: "Suppose the subject-matter of the damage to be water, which plaintiff conveyed to its consumers by means of similar pipes, and defendant has injured a pipe, causing the water to leak out, could it be contended that there was any injury done to the water? But on the other hand, if any foreign substance had been introduced *into* the *water*, causing it to become polluted, in such event the injury would be to the water, and the damage would spring therefrom. Again, suppose defendant should break open plaintiff's stable, permitting plaintiff's horse to escape therefrom, could it be concluded that any injury was done *to* his *horse*?"

Chapter 77, Acts of 1893, amended section 347 of *The Code*, extending the right of attachment for injuries to *real estate*.

*Mr. M. De W. Stevenson*, for plaintiff.
*Mr. O. H. Guion*, for defendants (appellants).

SPRAGUE *v.* BOND.

*Per Curiam :* Upon a careful investigation we are of the opinion that under the peculiar circumstances of this case, the ruling of his Honor refusing to dismiss the attachment should be sustained.

In view of the recent amendment to section 347 of *The Code,* extending the right of attachment to cases where the injury is to real as well as personal property, we do not think an elaborate discussion of the law as it previously existed can serve any useful purpose.                                    Affirmed.